SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY
PRESENT:        HON. MARYLIN G. DIAMOND                                PART 48
                                *Justice*

---

CORE GROUP MARKETING LLC,

                    Plaintiff,

          -against-

JACK LEFKOWITTZ, MASKIL EL DAL, INC. and
DAVID L. GALLO,

                  Defendants.

INDEX NO. 114604/06

MOTION DATE

MOTION SEQ. NO. 001

MOTION CAL. NO.

FILED MAR 13 2007 COUNTY CLERK'S OFFICE NEW YORK

---

Cross-Motion:     [X] Yes     [ ] No

**Upon the foregoing papers, it is ordered that:** This is an action to recover a brokerage commission of $50,000 which the plaintiff alleges it is entitled to from a transaction involving the assignment by defendants Maskil El Dal, Inc. and Jack Lefkowitz to defendant David E. Gallo of title to an apartment. The complaint asserts five causes of action. The first three causes of action are asserted against all three defendants and allege breach of contract, unjust enrichment and an account stated. The fourth and fifth causes of action are against only Maskil and Lefkowitz and allege fraudulent conveyance. Maskil and Lefkowitz have now moved to dismiss the first three causes of action as against Lefkowitz for failure to state a cause of action and the fourth and fifth causes of action for lack of particularity. The plaintiff has cross-moved for an order of attachment against Maskil and Lefkowitz.

     In moving to dismiss the first three causes of action as against Lefkowitz, the defendants argue that the contract of assignment was entered into by only Maskil and that, as a corporate officer, Lefkowitz may not be personally liable for the company's debts or breach of contract. In its opposition papers, plaintiff contends that this is an appropriate case for piercing the corporate veil. The doctrine of piercing the corporate veil is employed by a third party for the purpose of holding individuals or corporations liable for the conduct or contractual obligations of another corporation. As to individuals, courts will generally not pierce the corporate veil to reach a shareholder since the corporate form is a legitimate means of avoiding personal liability. *See Matter of Total Care Health Indus. v. Dept. of Social Servs.*, 144 AD2d 678 (2nd Dept 1988). However, where the plaintiff can establish that the owner exercised complete domination of the corporation with respect to the transaction in question and that this domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury, the corporate veil may be pierced. *See Matter of Morris v. New York State Dept. of Taxation and Fin.*, 82 NY2d 135, 141 (1993). Here, the plaintiff has alleged facts, both through its pleadings and through an affirmation in opposition, which satisfy the requisite elements for piercing Maskil's corporate veil. The defendants' motion to dismiss the first three causes of action as against Lefkowitz must therefore be denied.

     As to the fourth and fifth causes of action asserting fraudulent conveyances by Maskil and Lefkowitz, no facts are alleged in any detail, as required by CPLR 3016(b). *See Wildman & Berhardt Construction, Inc. v. BPM Assocs.*, 273 AD2d 38, 39 (2nd Dept 2000); *IDC(Queens) Corp. v. Illuminating Experiences, Inc.*, 220 AD2d 337 (1st Dept 1995). The allegations, which are made "on information and belief," are entirely conclusory. To be sure, the facts which the plaintiff needs to obtain in order to establish this cause of action may well be within the sole knowledge and possession of the defendants. Nevertheless, under CPLR 3211(d), the courts have held that a party opposing a motion to dismiss based on lack of personal jurisdiction and seeking discovery of facts which bear on the issue must come forward with some tangible evidence which would constitute a "sufficient start" in showing that jurisdiction could exist, "thereby demonstrating that its assertion that a jurisdictional predicate exists is not frivolous." *Mandel v.*

*Busch Entertainment Corp.*, 215 AD2d 455 (2nd Dept 1995). *See also Peterson v. Spartan Indus.*, 33 NY2d 463, 467 (1974); *SNS Bank, N.V. v. Citibank, N.A.*, 7 AD3d 352, 353-354 (1st Dept 2004). In this respect, neither the complaint itself nor the plaintiff's papers in opposition to the motion to dismiss provides any basis for believing that facts in support of the allegations likely exist. Indeed, there is nothing in the complaint to indicate that it is based on anything more than mere speculation that Maskil transferred the proceeds from the sale to Lefkowitz and did so without fair consideration. The fourth and fifth causes of action must therefore be dismissed.

As to plaintiff's cross-motion, CPLR 6201(3) provides that an order of attachment may be granted in any action for a money judgment when "the defendant, with the intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts." *See also Arzu v Arzu*, 190 AD2d 87, 91 (1st Dept 1993). On a motion for attachment, the plaintiff bears the burden of establishing that this ground for attachment is present. *See CPLR 6212(a); A & M Exports, Ltd. v. Meridien Int'l Bank, Ltd.*, 207 AD2d 741, 742 (1st Dept. 1994). The moving papers must contain evidentiary facts, as opposed to conclusions, proving the intent to defraud creditors by disposing of or secreting property, or removing it from the state. *See Benedict v. Browne*, 289 AD2d 433 (2nd Dept 2001). The plaintiff has failed to make such a showing. It has not provided any evidence that Maskil and Lefkowitz have hidden any property or removed it from this state, or that they intend to do so. *See Rosenthal v. Rochester Button Co.*, 148 AD2d at 376. Since the cross-motion is based entirely on speculation, it must be denied.

Accordingly, the defendants' motion is granted to the extent that the first three causes of action are hereby dismissed as against Lefkowitz and the fourth and fifth causes of action are dismissed in their entirety. The motion is otherwise denied. The plaintiff's cross-motion for an order of attachment is denied.

The parties shall appear before the court in Room 412, 60 Centre Street, New York, New York on April 17, 2007 at 10:30 a.m. for a preliminary conference.

ENTER ORDER

Dated: 3/6/07

MARYLIN G. DIAMOND, J.S.C.

FILED MAR 13 2007 NEW YORK COUNTY CLERK'S OFFICE

Check one: [ ] FINAL DISPOSITION    [X] NON-FINAL DISPOSITION

-2-